UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )
                                    )   Criminal Action
VICTOR FLORENTINO,                  )   No. 22-10166
                                    )
        Defendant.                  )
_____ )

**MEMORANDUM AND ORDER**

October 26, 2023

Saris, D.J.

Defendant Victor Florentino is charged in a single-count indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He moves for dismissal, arguing that § 922(g)(1) is unconstitutional, both facially and as applied, on the ground that it violates the Second and Fourteenth Amendments. For the reasons set forth below, after hearing, the motion to dismiss (Dkt. 38) is **DENIED**.

**FACTS**

Florentino was convicted of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) in 2017. See United States v. Victor Florentino, 16-cr-10168-ADB (D. Mass. Mar. 16, 2017). On June 8, 2017, he was sentenced to 24 months of incarceration and 36 months of supervised release. Two months after finishing his term of supervised release, he was arrested as a

1

felon illegally in possession of a firearm after a Glock 9mm pistol loaded with fifteen rounds of ammunition was found in his vehicle.

## DISCUSSION

The Supreme Court has held that the Second and Fourteenth Amendments protect an individual right to keep and bear arms. District of Columbia v. Heller, 554 U.S. 570, 580-81 (2008); McDonald v. Chicago, 561 U.S. 742, 750 (2010). Last year the Supreme Court held that the Second Amendment protects the right of "an ordinary, law-abiding citizen" to publicly carry handguns for self-defense outside the home. New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111, 2122 (2022). The Supreme Court set forth a test governing constitutional challenges to gun regulations:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

Id. at 2129-30 (cleaned up).

Florentino argues that under this test, felon-in-possession laws are unconstitutional because the government has not and cannot show "distinctly similar historical regulation[s] as of 1791, when the Second Amendment was ratified." Dkt. 38 at 12 (citing Bruen, 142 S. Ct. at 2131). This argument fails in light of the historical analysis in Bruen, which summarized the historical evidence from

antebellum America demonstrating that "[u]nder the common law, individuals could not carry deadly weapons in a manner likely to terrorize others." Bruen, 142 S. Ct. at 2150. Bruen, for instance, cites a Massachusetts statute which proscribed "go[ing] armed Offensively . . . in Fear or Affray" of the people. Id. at 2143.

The federal felon-in-possession law has been in effect for over sixty years. Congress amended the Federal Firearms Act in 1961 to prohibit all felons from possession of firearms. See United States v. Skoien, 614 F.3d 638, 640 (7th Cir. 2010) (citing Pub. L. 87-342, 75 Stat. 757). Post-Heller challenges to felon-in-possession charges have been repeatedly rejected by the First Circuit. See, e.g., United States v. Rene E., 583 F.3d 8, 12 (1st Cir. 2009) (noting that Heller "left intact" laws that prohibit possession of firearms by felons); United States v. Booker, 644 F.3d 12, 23 (1st Cir. 2011) ("[T]he Second Amendment permits categorical regulation of gun possession by classes of persons -- e.g., felons . . . ."); United States v. Torres-Rosario, 658 F.3d 110, 112-13 (1st Cir. 2011) (upholding § 922(g)(1) as constitutional).

Numerous courts have addressed Bruen-related challenges to felon-in-possession laws. See Dkt. 39 at 5 n.1. Though the First Circuit has not yet ruled on this issue, other circuits have rejected these challenges. See United States v. Garza, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (affirmed

on plain error review); United States v. Jackson, 69 F.4th 495, 502-06 (8th Cir. 2023) (discussing history of gun regulation). District judges in Massachusetts have also rejected similar challenges. See, e.g., United States v. McNulty, No. 22-10037, 2023 WL 4826950, at *5 (D. Mass. July 27, 2023); United States v. Belin, No. 21-10040, 2023 WL 2354900, at *2 (rejecting a facial challenge).

Florentino argues that First Circuit caselaw has been abrogated by Bruen. I disagree. In United States v. Thompson, 62 F.4th 37 (1st Cir. 2023), a recent case evaluating the effects of Bruen, the First Circuit declined to abrogate an appeal waiver on a sentencing guideline enhancement. Rather, it stated that clarity "does not yet exist" on how Bruen would cast doubt on sentencing enhancements associated with a § 922(g)(1) charge. See id. at 43. "Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority." Eulitt ex rel. Eulitt v. Maine, Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) (citing Sarzen v. Gaughan, 489 F.2d 1076, 1082 (1st Cir. 1973) (explaining that stare decisis requires lower courts to take binding pronouncements "at face value until formally altered")).

Moreover, the Supreme Court has repeatedly stated its approval of felon disarmament laws. See McDonald, 561 U.S. at 786

4

(Alito, J.) (reaffirming Heller's holding that felon disarmament laws are constitutional). In Heller, it said that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." 554 U.S. at 626. Further, a majority of the justices who decided Bruen made clear that they did not intend their decision to cast doubt on the longstanding approval of felon disarmament laws. Bruen, 142 S. Ct. at 2157 (Alito, J., concurring); id. at 2162 (Kavanaugh, J., joined by Robert, C.J., concurring); id. at 2189 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting).

Florentino relies on a holding in United States v. Bullock, No. 18-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023) to support his argument. There, the district court ruled in favor of the defendant in an as-applied post-Bruen challenge to the lifetime ban on gun possession in the home under § 922(g)(1). Id. at *28. While the opinion is thoughtful, I join the many courts that have found the felon-in-possession law constitutional even after Bruen. See Dkt. 39 at 5 n.1.

Even if a facial challenge were viable, an as-applied challenge is without merit in this case. The first step in the Bruen analysis requires a determination of whether "the Second Amendment's plain text covers an individual's conduct." Bruen, 142 S. Ct. at 2129-30. The Supreme Court has made it clear that the Second Amendment applies to "all members of the political

5

community," Heller, 554 U.S. at 580. Even if some felons are considered part of the political community covered by the text of the Second Amendment, however, Florentino would lose at the second step of the Bruen analysis. Section 922(g)(1) is consistent with the Nation's historical tradition of firearm regulation as applied to Florentino. "[F]ounding-era legislatures categorically disarmed groups whom they judged to be a threat to the public safety." Kanter v. Barr, 919 F.3d 437, 458 (7th Cir. 2019) (Barrett, J., dissenting). Though there is debate as to whether some felonies may be "so tame and technical as to be insufficient to justify" a lifetime ban on firearm possession, Torres-Rosario, 658 F.3d at 113, Florentino does not present such a case. As a convicted gun trafficker, he poses a threat to public safety. The felon-in-possession law is therefore constitutional as applied to him.

## ORDER

Defendant's Motion to Dismiss the Indictment (Dkt. 38) is **DENIED**.

SO ORDERED.

/s/ Patti B. Saris
Hon. Patti B. Saris
United States District Judge

6